**Fa Gui NI, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto**

R. Gonzales,[1] **Respondents.**

**No. 04–3787–AG NAC.**

United States Court of Appeals,
Second Circuit.

March 15, 2006.

Yee Ling Poon, Robert Duk–Hwan Kim, New York, New York, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Emily Berger, Jason A. Jones, As-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

sistant United States Attorneys, Brooklyn, New York, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.

Fa Gui Ni, through counsel, petitions for review of the BIA decision affirming the decision of an immigration judge ("IJ") denying his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ's decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews questions of law *de novo, see Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003), but reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Attorney Gen.,* 400 F.3d 963, 964 (2d Cir.2005) (per curiam); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–74 (2d Cir.2004).

■ As a matter of law, children are not *per se* eligible for asylum based on their parents' forced abortions or sterilizations. *Shao Yan Chen v. U.S. Dep't of Justice,* 417 F.3d 303, 305 (2d Cir.2005) (per curiam). Because his mother's sterilization did not impair Ni's own procreative rights, he cannot claim past persecution on that basis. *See id.* He also failed to establish that the economic deprivations he suffered, including the interruption of his education after middle school, constituted persecution when he failed to show a causal connection between his mother's sterilization and her subsequent health and financial problems.

■ Substantial evidence supports the IJ's conclusion that Ni did not have a well-founded fear of persecution under the family planning policy when he is unmarried and has no children. Ni simply made a conclusory statement that he would be persecuted, but failed to make even the preliminary allegation that he wished to have more than one child. And, Ni produced no evidence to suggest that coercive family planning policies are applied more strictly to the children of previous victims than to other Chinese citizens.

■ Substantial evidence also supports the IJ's denial of CAT relief. To prevail, Ni was required to prove that someone in his "particular alleged circumstances" was more likely than not to be tortured if returned to China. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 144 (2d Cir.2003). The indications in the State Department report that some returnees were imprisoned, and some prisoners were tortured, were insufficient to meet this burden—particularly when the reports indicated that severe punishment was reserved for returnees who, unlike Ni, were repeat offenders or professional smugglers. *See id.* The letter from Ni's brother, indicating that he was tortured upon his return, was also insufficient, when Ni failed to establish any specific similarities between his case and his brother's, and when his account of his brother's arrest was somewhat unreliable. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 158–60 (2d Cir.2005).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending request for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).